UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CR. NO. C-06-563 |
| | § | |
| CITGO PETROLEUM CORPORATION | § | |
| CITGO REFINING AND CHEMICALS COMPANY, L.P. | § § | |
| PHILIP D. VRAZEL | § | |

## ORDER

Pending before the court is the Motion of the United States to Unseal the Government's Submission to the United States Probation Office in Aid of Sentencing. (Dkt. #467). The Court, having considered the motion, response, record and relevant law, is of the opinion that the motion should be DENIED.

There is a "longstanding practice of treating presentence investigation reports as confidential and not public documents." *U.S. v. Huckaby*, 43 F.3d 135, 137 (5th Cir. 1995). This practice has developed because of sound policy reasons. The Fifth Circuit has summarized these reasons as follows:

> First, the defendant has a privacy interest in the presentence report because it reveals not only details of the offense, but in the broadest terms, "any other information that may aid the court in sentencing . . ." A PSIR routinely describes the defendant's health, family ties, education, financial status, mental and emotional condition, prior criminal history and uncharged crimes. That the defendant has pled or been convicted of a crime does not require the dissemination of his entire personal background in the public domain. And despite the care with which they are prepared, PSIR's do not conform to the rules of evidence and may contain errors. Rule 32 affords a defendant an opportunity to object to errors and requires the court to resolve any factual disputes over its accuracy, but the PSIR is not usually rewritten to remove misinformation. Hence, misunderstandings about a defendant could easily arise from the routine publication of PSIR's.
> Second, as a repository of investigatory evidence about the defendant's involvement in criminal activity, the PSIR often relies upon confidential informants or sources of information and may include facts obtained from proceedings before the grand jury, which are otherwise secret. Were the confidentiality of presentece

> reports to be freely or regularly breached, the government's access to information needed for criminal investigations would be severely compromised.
>     Third, relevant to the sentencing process alone, the court depends heavily upon the PSIR to fulfill the mandate of the Sentencing Guidelines and impose a just sentence. Disclosure of such reports to the public may stifle or discourage that vital transmission of information by the defendants, whose contribution to a PSIR is significant, and by cooperating with third parties.

*Huckaby*, 43 F.3d at 138. For these reasons, there is a "general presumption that courts will not grant third parties access to the presentence reports of other individuals." *Id.* (citing *United States v. Smith*, 13 F.3d 860, 867 (5th Cir. 1994), *cert. denied*, 511 U.S. 1134, 114 S.Ct. 2151, 128 L.Ed.2d 877 (1994). Accordingly, "only where a 'compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are relevant to the demonstrated need.'" *Huckaby*, 43 F.3d at 138 (quoting *United States v. Corbitt*, 879 F2d 224, 239 (7th Cir. 1989)).

The Government presently moves to unseal its submission to the United States Probation Office in aid of sentencing. In doing so, the Government identifies the following two reasons for disclosure: (1) to aid in the discharge of its duties under the Crime Victims' Rights Act, 18 U.S.C. § 3771; and (2) to counter certain CITGO publications. While the Government's submission is not a presentence report, it contains information of the same type and character that is normally contained in a presentence report. For this reason, the same considerations that apply to the disclosure of a presentence report also apply to the Government's submission.

Upon examination of the facts and circumstances of this case alongside the relevant law and the Goverment's reasons for disclosure, the Court finds that a compelling, particularized need for disclosure has not been demonstrated. To the extent that the Government relies upon the Crime Victims' Rights Act ("CVRA") , the Court acknowledges that the CVRA confers a duty upon the Government to make "best efforts" to notify crime victims. 18 U.S.C. § 3371(c)(1). However, the Act does not require the disclosure of presentece investigation reports or other documents of a

similar nature. *See In Re Kenna*, 453 F.3d 1136 (9th Cir. 2006)(per curiam)(finding that the Crime Victims' Rights Act does not confer a general right for crime victims to obtain disclosure of presentence investigation reports). Notably, alternative methods of public notification not requiring disclosure of the Government's submission are currently available and have been available at all relevant times. As mentioned in *United States v. Corbitt*, the press and public may glean information from non-confidential documents and trial attendance. 879 F.3d. at 240 n. 20. Indeed, the present case and its disposition have been widely reported throughout the media. Furthermore, interviews with prosecution and defense attorneys may be conducted.[1] *Id.* When these factors are balanced with the longstanding policies underlying the confidentiality of presentence investigation reports, the Court does not believe that disclosure is appropriate. For these same reasons, the Court finds that the Government's additional rationale for disclosure, namely, to counter certain CITGO publications, does not demonstrate a "compelling, particularized need."

So ORDERED this 8th day of August, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court cautions the parties from engaging in any conduct which could taint or disturb the sentencing proceedings.

3