# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CR. NO. C-06-563** |
| | § | |
| **CITGO PETROLEUM CORPORATION** | § | |
| **CITGO REFINING AND CHEMICALS** | § | |
| **COMPANY, L.P.** | § | |
| **PHILIP D. VRAZEL** | § | |

## ORDER

Pending before the Court are CITGO's Motion for Leave to Depose Suzie Canales (Dkt. #496) and the Motion of the United States to Supplement the Record in Opposition to CITGO's Motion for Leave to Depose Suzie Canales (Dkt. #500). Having considered the motions, responses, reply, record and the relevant law, the Court is of the opinion that both motions should be GRANTED.

CITGO maintains that certain website excerpts authored by Suzanna Canales ("Canales"), a frequent trial attendee and local environmental activist, justify the taking of her deposition. CITGO specifically directs the Court to the following excerpts from Canales' blog: (1) "I wish I could have shared with the stunned people what I had been hearing in the jury box during the trial and what I had heard in the deliberation room..." (Dkt. #496 at 8); and (2) "Now, Citgo has asked for a new trial. This is not the smartest thing they have ever done, but, as far as we know and in all fairness, Citgo didn't have the opportunity to eavesdrop on the jury box and listen in on the deliberations, as I did." (Dkt. #496 at 9). These excerpts were extracted from a blog entry dated August 17, 2007.

The Government argues that CITGO has taken Canales' statements out of context. To

support this position, the Government has furnished several additional entries from Canales' blog.[1]

According to the earliest entry, dated July 25, 2007, an "anonymous source" informed Canales about

the jury's vote. Specifically, the entry provides as follows: "An anonymous source has informed

me that the majority of the jurors voted for GUILTY on all 4 counts. That the vote was 10-2 --- 10

for GUILTY." (Dkt. #500-2 at 2). Several days later, in an entry dated August 11, 2007, Canales

wrote the following: "There are times when most of us have wished we could be a fly on the wall

in a room not open to us. Like the jury deliberation room during the first CITGO criminal trial."

(Dkt. #500-2 at 4). The remainder of this August 11, 2007 entry is written from the perspective of

a fictional "fly on the wall" and purports to specifically explain why two jurors, designated "Juror

A" and "Juror B," voted "not-guilty." (Dkt. #500-2 at 4-5). In the last entry provided, dated August

17, 2007, Canales again invoked her "fly on the wall" persona before specifically criticizing "Juror

A" and "Juror B."[2] (Dkt. #500-2 at 7). Additionally, Canales' August 11, 2007 and August 17,

2007 blog entries both contain images of a cartoon fly.

In any trial there is an initial presumption of jury impartiality. *United States v. Jobe*, 101

F.3d 1046, 1058 (5th Cir. 1996)(citing *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995),

*cert. denied*, 516 U.S. 979, 116 S.Ct. 486, 133 L.Ed.2d 413 (1995)). This presumption may be

overcome by evidence showing that an extrinsic factual matter affected the jury's deliberations.

*United States v. Smith*, 354 F.3d 390, 394 (5th Cir. 2003)(citing *United States v. Kelley*, 140 F.3d

596, 608 (5th Cir. 1998)). When a court is confronted with credible allegations of jury

tampering–usually via jurors themselves–counsel for both sides must be notified and a hearing with

all parties participating must be held. *United States v. Sylvester*, 143 F.3d 923, 932 (5th Cir. 1998).

---

[1] The Motion of the United States to Supplement the Record in Opposition to CITGO's Motion for Leave to Depose Suzie Canales (Dkt. #500) is hereby GRANTED.

[2] This is the same August 17, 2007 blog entry from which CITGO bases its argument.

However, a district court need not conduct a "full-blown evidentiary hearing" involving the questioning of jurors every time an allegation of jury tampering is raised. *Id.* at 932 n. 5. Speculative claims of exposure to extrinsic influence do not require investigation. *Smith*, 354 F.3d at 394 (citing *Kelley*, 140 F.3d at 608).

After considering the arguments of the parties and the submitted evidence, the Court finds that a "full-blown evidentiary hearing" is not presently warranted. Canales' blog entries, which appear to incorporate fantasy, do not credibly support a likelihood of jury tampering. However, the Court believes that further investigation is justified. Accordingly, CITGO's Motion for Leave to Depose Suzie Canales (Dkt. #496) is hereby GRANTED.

So ORDERED this 19th day of November, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE