UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|    *Plaintiff* § | | |
| § | | |
| V. § | CRIMINAL ACTION NO. C-06-563 | |
| § | | |
| CITGO PETROLEUM CORPORATION, § | | |
| CITGO REFINING AND CHEMICALS § | | |
| COMPANY, L.P., § | | |
|    *Defendants* | | |

### MOTION OF COMMUNITY MEMBERS FOR ORAL ARGUMENT ON THEIR MOTION TO BE RECOGNIZED AS CRIME VICTIMS

COME NOW, JEWELL ALLEN, ROSALINDA ARMADILLO, MAVIS BRANCH, FELICIANO CANTU, DAVE GALLOWAY, JOHN GARCIA, JULIAN GARCIA, ROBE GARZA, DIANA LINAN, THELMA MORGAN, JOEL MUMPHORD, JEAN SALONE, JAMES SHACK, and BETTY WHITESIDE (hereinafter "community members"), individuals who file this motion requesting an opportunity to present oral argument in support of their previously-filed motion to be recognized as crime victims. Movants would propose that oral argument be held Monday morning, September 10, just prior to beginning the sentencing hearing so that the issue can be heard without causing a delay in the sentencing.

### PROCEDURAL BACKGROUND

The background surrounding the case is well known to the Court and to the parties. The community members would note only that yesterday, on September 6, 2012, the Fifth Circuit granted their petition under the Crime Victim's Rights Act (CVRA), ruling that "the district court must hear all new victim status arguments being submitted pre-sentencing by pro bono

counsel." *In re Allen*, No. 12-40954 at 3 (5th Cir. Sept. 6, 2012). Those arguments are already fully briefed and before the Court. *See* Dkt. #776 (community members' motion to be recognized as victims); Dkt. #780 (CITGO's corrected response in opposition); Dkt. #798 (community members' reply in support of motion). No further briefing should be required for the Court to rule.

## ARGUMENT AND AUTHORITIES

I. **The Court Should Hear Oral Argument on the Community Members' Motion.**

The community members respectfully request that the Court hold oral argument on their motion to be recognized as a "crime victims" under the CVRA (dkt. #776). This case presents important issues concerning the proper interpretation of the CVRA in criminal environmental prosecutions. Counsel for the community members respectfully submits that oral argument will help clarify these issues. Because lead counsel for the community members is located in a state at some distance from the courthouse, the community members respectfully request advance notice of any argument. Counsel respectfully request that oral be held on the morning of Monday, September 10, 2012, before the formal sentencing proceedings begin.[1]

II. **Ruling on the Community Members' Motion Before Turning to Other Sentencing Issues Will Promote Judicial Efficiency**

Whether or not the Court chooses to hear oral argument, the community members respectfully request that the Court rule on their motion to be recognized as crime victims before turning to other sentencing issues. The Fifth Circuit has directed that the Court "must hear all

---

[1] If the court determines to hold an oral argument. The position of the community members regarding application of the CVRA to the environmental crimes will be presented by Professor Paul Cassell of the Utah Appellate Clinic, located at the S.J. Quinney College of Law at the University of Utah in Salt Lake City, Utah. He is currently teaching during the fall semester at the College of Law, but can arrange to argue before the Court if given 24 hours advance notice.

REPLY IN SUPPORT OF MOTION OF COMMUNITY MEMBERS TO BE DECLARED
VICTIMS UNDER THE CRIME VICTIM RIGHTS ACT                                    Page 2

new victim status arguments being submitted pre-sentencing by pro bono counsel," and the CVRA mandates that "the district court shall take up and decide any motion asserting a victim's right *forthwith*." 18 U.S.C. § 3771(d)(3) (emphasis added).  The community members' motion was filed on July 6, 2012, along with a motion to expedite a ruling on that motion.  Whether or not the community members are "crime victims" under the CVRA will have ramifications for other aspects of the sentencing hearing.  For example, if the community members are "victims," they will have the right to be reasonably heard during sentencing.  The courts that have interpreted this right have concluded that the right to be "reasonably heard" embraces the right to submit a written victim impact statement or an oral victim impact statement (or both).  *See Kenna v. U.S. District Court*, 435 F.3d 1011, 1015-16 (9th Cir. 2006); *United States v. Degenhardt*, 405 F.Supp.2d 1341, 1345 (D. Utah 2005P); *see also United States v. Turner*, 367 F.Supp.2d 319, 333 (E.D.N.Y. 2005) (opining in dicta that § 3771(a)(4) "require[s] the victim to be given an opportunity actually to be 'heard' rather than afforded some alternative means of communicating her views").

Some community members want to deliver an oral victim impact statement if the Court rules in their favor.  Some of the community members work and some are mobility impaired.  They will need to rearrange work schedules or arrange transportation in order to travel to the courthouse.  An expeditious ruling will allow them to make those arrangements.

If the Court were to grant the community members' motion and recognize them as "crime victims" under the CVRA, the community members will need a very brief period of time to confer with counsel (and the Government[2]) about the availability of restitution in this case[3] and

---

[2] The Government has worked diligently not only to prosecute this case successfully but also to keep the community members informed of the proceedings.  The community members acknowledge that the Government has kept them well informed about this case. However, the

REPLY IN SUPPORT OF MOTION OF COMMUNITY MEMBERS TO BE DECLARED
VICTIMS UNDER THE CRIME VICTIM RIGHTS ACT                                    Page 3

about possible sentences that might be imposed.[4]  These facts may inform the kind of victim impact statement they deliver.

### III. Holding Oral Argument on Monday, September 10 Will Cause Little or No Delay in Sentencing.

The community members are aware that CITGO was convicted of felony offense more than five years ago.  The delay to sentencing in this case has been extraordinary.  The sentencing hearings are predicted to last many days.  If their oral arguments can be heard on Monday, September 10, the first day of sentencing, it will be possible for them to prepare victim impact statements, confer with the government, and present information to the court regarding their rights to restitution, if any, before the sentencing hearings conclude.

### CONCLUSION

For all these reasons, the community members move for an opportunity to present oral argument in support of their previously-filed motion to be recognized as crime victims on Monday, September 10, 2012 prior to beginning the sentencing hearings or at such other time as the Court determines oral argument can be held without causing undue delay in the sentencing, and that the Court grant their motion to be recognized as "crime victims" under the CVRA.

---

community members would like to confer with the prosecution regarding the Government's proposed sentence. (Dkt. # 804).  The CVRA grants crime victims the "reasonable right to confer" with prosecutors, 18 U.S.C. § 3771(a)(5), and the community members believe that their right to confer can be granted without delay in the sentencing.

[3] We understand CITGO to take the position that restitution is not allowable in this case. Community Members would assert it is unsettled law whether restitution is allowed in cases arising out of the provisions of the Clean Air Act that CITGO was convicted of violating.

[4] The Court can provide some relief to victims without ruling directly on the restitution issue by imposing conditions as part of any probationary sentence.  For example, under 18 U.S.C. § 3563(b)(2), the Court is allowed to order restitution without regard to limitations found elsewhere in the restitution statutes.  And, more generally, under 18 U.S.C. § 3563(b)(22), the Court is given sweeping power to impose "such other conditions as the court may impose."  This section gives the Court power, for example, to order CITGO to set up a fund that could pay for medical monitoring of the community members for adverse health conditions related to the crime that may appear in the future.

REPLY IN SUPPORT OF MOTION OF COMMUNITY MEMBERS TO BE DECLARED
VICTIMS UNDER THE CRIME VICTIM RIGHTS ACT                                          Page 4

Respectfully submitted,

s/ Paula Pierce
PAULA PIERCE
State Bar of Texas No. 15999250
Federal Bar No. 8954
Texas Legal Services Center
815 Brazos, Suite 1100
Austin, Texas 78701
Telephone: 512-637-5414
Facsimile: 512-477-6576
Email: ppierce@tlsc.org
*Counsel of Record for Movants*

Paul G. Cassell
APPELLATE CLINIC
S.J. QUINNEY COLLEGE OF LAW
 AT THE UNIVERSITY OF UTAH
332 South, 1400 East, Room 101
Salt Lake City, Utah 84112-0300
Telephone: 801-585-5202
*Pro Hac Vice*

CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing Motion of the Community Members for Oral Argument and other relief has been served on counsel of record identified below through the Court's CM/ECF system:

| | |
|---|---|
| Howard P. Stewart | Dick DeGuerin |
| U.S. Department of Justice | Matt Hennessey |
| Environmental Crimes Section | Catherine Baen |
| P.O. Box 23985 | 1018 Preston Av., 7th Fl. |
| Washington, DC 20026 | Houston, TX |
| FAX: 202-305-0397 | FAX: 713-223-9231 |
| | |
| James B. Blackburn, Jr. | Nathan P. Eimer |
| Blackburn Carter PC | Eimer Stahl Klevorn & Solberg LLP |
| 4709 Austin | 224 S. Michigan Av., Ste. 1100 |
| Houston, TX 77004 | Chicago, IL 60604 |
| FAX: 713-524-5165 | FAX: 312-692-1718 |

Dated: September 7, 2012

                                                     _s/ Paula Pierce_____
                                                     Paula Pierce