# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-40954

Clerk, U.S. District Court
Southern District of Texas
FILED
SEP 1 2 2012
David J. Bradley, Clerk of Court

In re: JEWELL ALLEN; ROSALINDA ARMADILLO; MAVIS BRANCH; FELICIANO CANTU; DAVE GALLOWAY; JOHN GARCIA; JULIAN GARCIA; ROBE GARZA; DIANA LINAN; THELMA MORGAN; JOEL MUMPHORD; JEAN SALONE; JAMES SHACK; BETTY WHITESIDE,

Petitioners

Petition for a Writ of Mandamus to the
Southern District of Texas, Corpus Christi

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:

    Petitioners seek a writ of mandamus directing the district court to give them "crime victim" status under the Crime Victims' Rights Act ("CVRA"). 18 U.S.C. § 3771. The CVRA confers crime victim status on "person[s] directly and proximately harmed as a result of the commission of a Federal offense." *Id.* § 3771(e). In April 2008, upon the Government's motion, the district court held a hearing to determine whether the Petitioners were "crime victims." Some, but not all, of the Petitioners testified at that hearing. After the hearing, the district court ruled that Petitioners were not "crime victims" because the Government had not sufficiently shown that they were "harmed." The district court denied the Government's motion to reconsider.

No. 12-40954

Four years later, but still weeks before the district court was set to sentence the defendant in the underlying criminal case, Petitioners retained pro bono counsel who again asked the district court to give the Petitioners "crime victim" status. Without addressing the arguments raised in that motion, the district court denied Petitioners' request as, essentially, untimely. The district court stated, without citation to authority: "[W]hile the [Petitioners] are correct that they have the right to file their own motion to be declared victims under the CVRA, they should have done so four years ago, not two months before sentencing is set to occur in this matter."

The CVRA does not contain a time limit within which putative crime victims must seek relief in the district court. The only time limit discussed in the statute applies when a victim seeks "to re-open a plea or sentence." *Id.* § 3771(d)(5). Because Petitioners are not seeking to reopen a plea or sentence, that provision is inapplicable.[1]

"A writ of mandamus may issue only if (1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the circumstances." *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008). As recognized by the court below, Petitioners have a right to file their own motion to be declared crime victims under the CVRA, and it is clear and indisputable that no time bar prevented the district court from considering the novel arguments raised by pro bono counsel in its motion below. Here, where Petitioners raise arguments not previously raised by the Government during the

---

[1] We do not reach the question whether a more inconvenient delay than the one shown here (a few weeks before sentencing) could trigger the doctrine of laches or some other legal principle that might bar a request for crime victim status. We rule here only in light of the history of these specific proceedings.

No. 12-40954

time the Government represented their interests, and where Petitioners have been able to retain counsel, issuance of a writ is appropriate.

Accordingly, we direct the district court to consider the arguments raised by pro bono counsel below in Petitioners' motion to be afforded crime victim status under the CVRA.

IT IS ORDERED that the petition for writ of mandamus pursuant to the Crime Victims' Act is GRANTED to the extent that the district court must hear all new victim status arguments being submitted pre-sentencing by pro bono counsel.

IT IS FURTHER ORDERED that Petitioners' motion to waive their right to a decision in this matter within 72 hours is DENIED as MOOT.

A true copy
Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy

SEP 06 2012

3

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

September 06, 2012

Mr. David J. Bradley
Southern District of Texas, Corpus Christi
United States District Court
1133 N. Shoreline Boulevard
Corpus Christi, TX 78401-0000

Clerk, U.S. District Court
Southern District of Texas
FILED

SEP 1 2 2012

David J. Bradley, Clerk of Court

     No. 12-40954,  In re: Jewell Allen, et al
                    USDC No. 2:06-CR-563

Enclosed is a copy of the judgment issued as the mandate.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By:
                                James deMontluzin, Deputy Clerk
                                504-310-7679

cc w/encl:
    Honorable John D. Rainey
    Mr. James B. Blackburn Jr.
    Mr. Paul G. Cassell
    Mr. Dick W. DeGuerin
    Mr. Nathan P. Eimer
    Ms. Paula Pierce
    Mr. Howard P Stewart